JOURNAL ENTRY AND OPINION.
{¶ 1} Northpoint Properties, Inc., and Daniel Dzina, the relators, filed a complaint for a writ of prohibition and for an alternative writ of prohibition against Judge Richard Markus. In the petition, relators seek an order that prohibits Judge Markus from proceeding in the matter of William R. Crawford and Cleveland IndustrialSquare, Inc. v. Daniel Dzina and Northpoint Properties, Inc., Cuyahoga County Court of Common Pleas, Case No. CV 99-374378. On May 8, 2003, this court granted relators' request for an alternative writ of prohibition.
 {¶ 2} Thereafter, relators and Judge Markus filed motions for summary judgment, and Intervenor William Crawford filed a motion to dismiss. For the following reasons, this court grants relators' motion for summary judgment, and denies respondent's motion for summary judgment and the intervenor's motion to dismiss.
 {¶ 3} The facts indicate that on January 31, 2003, after four days of trial, relators entered into a settlement agreement with intervenor William Crawford. After the parties' understanding of the settlement agreement was placed on the record, Judge Markus declared a mistrial and prepared a hand-written, half-sheet entry which dismissed Crawford's claims against relators which stated:
Motion to dismiss granted. Case dismissed without prejudice at defendant's costs.
Remaining property and parties are subject to domestic relations court's jurisdiction. O.S.J.
 {¶ 4} Regarding Cleveland Industrial Squares' claims against relators, Judge Markus issued the following judgment entry:
This matter came on to be heard this 31 day of January, 2003 upon the Defendant, Daniel Dzina's Motion to Dismiss;
The court finds that the Defendant, Daniel Dzina made an oral motion before this court in chambers with all counsel present to dismiss the remaining claims, as they addressed CIS Corporation. The basis for said motion, was that CIS is owned equally by the Defendant, Daniel Dzina and his ex-spouse, Nancy Dzina.
The court further finds that there is a deadlock between shareholders which is the only remaining party (CIS Corporation) which holds the only remaining claim in this action.
The court finds further, that CIS Corporation was allocated between the parties by an order of the domestic relations division of this county.
IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the claim brought by CIS be and is hereby dismissed. Said claim rightfully belongs with the Division of Domestic Relations of this county.
IT IS SO ORDERED.
 {¶ 5} On April 9, 2003, because the parties did not complete the settlement, Crawford's counsel requested that Judge Markus schedule a conference. Subsequent to this conference, however, relator Daniel Dzina filed a new complaint, Daniel Dzina v. William Crawford, Cuyahoga County Court of Common Pleas, Case No. CV 03-498724, claiming that Crawford committed fraud and requested specific performance of the breached settlement agreement.[1]
 {¶ 6} On April 11, 2003, Judge Markus held a conference regarding the uncompleted settlement. During this conference, relator Daniel Dzina, through counsel, informed Judge Markus that he filed the above new action and that the court lacked subject matter jurisdiction to enforce the settlement agreement or take any further action. At the conclusion of this conference, Judge Markus directed the parties to file any motion to enforce the settlement agreement by April 18, 2003.
 {¶ 7} Thereafter, On April 18, 2003, Judge Markus issued the following nunc pro tunc entry for the entry dated January 31, 2003:
 {¶ 8} Pursuant to Civ.R. 60(A), judgment amended to correct clerical error by adding: "This court retains jurisdiction over all parties for the sole purpose of confirming and enforcing the agreed settlement." O.S.J.
 {¶ 9} According to the full order, Judge Markus stated:
 {¶ 10} On January 31, 2003, in the midst of the trial for this case, William R. Crawfors and Daniel Dzina expressly settled their respective claims and counterclaims with terms they dictated and approved on the court reporter's record for this case. Recently, the same parties reported that they failed to complete that settlement because they disagreed about the meaning of some terms. The court then recalled that it inadvertently omitted the following language in the dismissal entry, which the Court intended to include when it signed the entry: "This court retains jurisdiction over all the parties for the sole purpose of confirming and enforcing the agreed settlement."
 {¶ 11} Therefore, pursuant to Civil Rule 60(A) the Court now corrects that oversight and omission and the resulting clerical errornunc pro tunc, by adding the provision that it omitted. Accordingly, effective on January 31, 2003, the Court now corrects the Judgment in this case by adding the omitted provision: "This Court retains jurisdiction over all the parties for the sole purpose of confirming and enforcing the agreed settlement."
 {¶ 12} On April 11, 2003, the Court directed the parties to submit their respective versions of the agreed settlement to the Court within one week, together with a transcript of the terms they approved on the court reporter's record, so the court can determine whether it can resolve any differences according to the plain Language of the settlement agreement.
 {¶ 13} Thereafter, on April 17, 2003, Crawford's counsel filed a motion to enforce the settlement agreement, and on April 22, 2003, Judge Markus issued an order which accepted jurisdiction. Pursuant to this order, Judge Markus scheduled a hearing for May 9, 2003 to take evidence concerning the settlement agreement. Relators filed their motion for a writ of prohibition on May 1, 2003.
 {¶ 14} The principles governing prohibition are well established. In order to be entitled to a writ of prohibition, relators must establish that the respondent is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. Whitev. Junkin (1997), 80 Ohio St.3d 335, 686 N.E.2d 267; State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641.
 {¶ 15} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision. Stateex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655, 646 N.E.2d 1110;State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.
 {¶ 16} However, the Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288, citing Stateex rel. Lewis v. Moser (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown (1997), 80 Ohio St.3d 408,686 N.E.2d 1126.
 {¶ 17} In applying the foregoing to the circumstances in this case, we initially note that it is uncontroverted that Judge Markus is about to exercise judicial power. As to the second requirement, we also find that relators met their burden. The record indicates that the parties were able to reach a settlement agreement. As a result of this settlement, the defendant made an oral motion to dismiss which was not opposed by any party. Thereafter, Judge Markus granted the motion to dismiss and subsequently dismissed the entire case without prejudice.
 {¶ 18} A trial court, as a general rule, has the authority to enforce a settlement agreement which is voluntarily entered into by the parties to a lawsuit. Continental W. Condominium Unit Owners Ass'n v.Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 660 N.E.2d 431;Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, 285 N.E.2d 324;State ex rel. Goforth v. Villanueva (June 2, 1998), Cuyahoga App. No. 74083.
 {¶ 19} However, when a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. See Fogle, supra, citing State ex rel. Huntv. Thompson (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, and State exrel. Rice v. McGrath (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100.
 {¶ 20} The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order. State ex rel.Continental Mortgage Services, Inc., et al. v. Judge Judith Kilbane-Koch
(Jan. 4, 1999), Cuyahoga App. No. 75267; Showcase Homes, Inc. v. TheRavenna Savings Bank (Feb. 19, 1998), Marion App. No. 9-96-71. In Bergerv. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, this court stated, "when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur."
 {¶ 21} This court has previously addressed the issue whether a case has been unconditionally dismissed. In Cinnamon Woods CondominiumAssociation, Inc. v. Laurence Divito (Feb. 3, 2000), Cuyahoga App. No. 76903, the plaintiff filed an action for injunctive relief. However, before the defendant was able to file an answer, the parties settled the case. The trial court's dismissal entry stated:
 {¶ 22} Plaintiff's, Cinnamon Woods Condominium Association, Inc., voluntary dismissal of this action, with prejudice, each party to bear their (sic) own costs of this action, pursuant to Rule 41(a) of the Ohio Rules of Civil Procedure is hereby ordered.
 {¶ 23} Thereafter, the plaintiff filed a motion to show cause or in the alternative, motion to enforce the settlement agreement, to which the trial court granted in part and denied in part.
 {¶ 24} On appeal, this court vacated the judgment because the trial court did not have the authority to enter the order. In finding that the lower court unconditionally dismissed the action, this court stated that, "* * * the dismissal contained no additional notice that it was being filed as the result of a settlement between the parties. Moreover, the trial court's judgment entry of July 29, 1997 stated only that the case was dismissed with prejudice; the purported settlement agreement was not incorporated into the final journal entry * * *".
 {¶ 25} Similarly, in Majestic Steel Service, Inc. v. MicahDisbato (Dec. 20, 2001), Cuyahoga App. No. 79323, Majestic Steel filed a complaint against Disbato claiming that he violated the terms of a non-competition agreement when he accepted employment with Integrity Steel. The parties subsequently agreed to a settlement and the trial court signed and filed a judgment entry which stated, "Voluntary notice of dismissal with prejudice."
 {¶ 26} Thereafter, Disbato and one of the original parties filed a motion to modify the settlement agreement which the trial court denied. In vacating the trial court's decision because the trial court unconditionally dismissed the action, this court stated:
 {¶ 27} Here, the trial court's judgment entry of December 27, 2000 stated only that the case was dismissed with prejudice. It failed to state that the case had been "settled," failed to incorporate the purported settlement agreement into the final journal entry and failed to state that the court retained any jurisdiction to enforce the terms of the purported settlement. Conversely, in State ex rel. ContinentalMortgage Services, Inc., et al. v. Judge Judith Kilbane Koch, supra, this court denied a petition for a writ of prohibition where the stipulated settlement agreement stated in part, "pursuant to the settlement and agreement * * * all claims against these Defendants are hereby settled and dismissed, with prejudice, at Defendant's cost." In denying the petition, this court found that the language in the dismissal was conditioned upon the settlement and therefore was not an unconditional dismissal.
 {¶ 28} In Fisco v. H.A.M. Landscaping, Inc. (Nov. 27, 2002), Cuyahoga App. No. 80538, this court found a dismissal entry that stated, "the instant matter is settled and dismissed" was not an unconditional dismissal and the trial court retained jurisdiction to hear a motion to enforce a settlement agreement.
 {¶ 29} In the instant matter, we find that the terms within the dismissal entry of January 31, 2002 indicate that the dismissal was unconditional. The judgment entry failed to state that the case was settled, failed to incorporate the purported settlement agreement into the final journal entry, and failed to state that the court retained any jurisdiction to enforce the terms of the purported settlement.
 {¶ 30} Nor do we find that respondent's nun pro tunc order resurrected the court's jurisdiction. Civ.R. 60(A) permits a trial court to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments.State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,671 N.E.2d 236. A nunc pro tunc order that reestablishes jurisdiction is not a clerical mistake but rather a substantive change. See Menti v. Joy
(Oct. 20, 1994), Cuyahoga App. No. 65706.
 {¶ 31} We are also persuaded by the fact that this case was dismissed without prejudice. A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it was never commenced. See Denham, Admr. v. City of New Carlisle
(1999), 86 Ohio St.3d 594, 716 N.E.2d 184; Zimmie v. Zimmie (1984),11 Ohio St.3d 94, 464 N.E.2d 142; Deville Photography, Inc. v. Bowers
(1959), 169 Ohio St. 267, 159 N.E.2d 443; Conley v. Jenkins (1991),77 Ohio App.3d 511, 602 N.E.2d 1187; Stafford v. Hetman (Jun. 4, 1998), Cuyahoga App. No. 72825; Leonard Stratton, et al. v. Odyssey Homes,Inc., et al. (Sep. 17, 1998), Cuyahoga App. No. 74068.
 {¶ 32} Respondent also argues that the trial judge has the inherent authority to vacate its dismissal entry and reinstate the case to the court's docket. In support of this contention, respondent cites the case of Hill v. Briggs, et al. (1996), 111 Ohio App.3d 405,676 N.E.2d 547. This case, however, is distinguishable from the current matter. In Hill, the dismissal was also unconditional but the case was dismissed with prejudice. Accordingly, the trial court could consider a Civ.R. 60(B) motion because it was a final order.
 {¶ 33} In this matter, however, the trial court dismissed the case without prejudice. Because a dismissal without prejudice is not a final order, the respondent does not have the authority to entertain a 60(B) motion. See Hensley v. Henry (1980), 61 Ohio St.2d 277, 400 N.E.2d 1352;Stafford, supra.
 {¶ 34} Therefore, we find that the trial court, because it unconditionally dismissed the matter, without prejudice, is patently and unambiguously without jurisdiction to proceed in this matter. As such, the availability of an adequate remedy at law is irrelevant.
 {¶ 35} Accordingly, we grant relators' motion for summary judgment and grant the writ for prohibition. Relators to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ granted.
JAMES J. SWEENEY, J., and TIMOTHY E. McMONAGLE, J., concur.
[1] The record indicates that this case was assigned to Judge Kilbane Koch and was dismissed without prejudice on May 30, 2003. Relator appealed this ruling in Court of Appeals Case No. 83011. The record indicates that this appeal was dismissed on August 11, 2003 because it was not a final appealable order.