MEMORANDUM OPINION *Page 2 
{¶ 1} On November 30, 2006, appellant, Montville Plastics Rubber, Inc., filed a notice of appeal from an October 31, 2006 entry of the Geauga County Court of Common Pleas.
 {¶ 2} On October 19, 2006, appellee, Robert Thorton, filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). Thereafter, on October 31, 2006, the trial court noted "it is so ordered" on appellee's voluntary dismissal.
 {¶ 3} Dismissals under Civ.R. 41(A)(1)(a) are self-executing.Selker Furber v. Brightman (2000), 138 Ohio App.3d 710, 714. Furthermore, these dismissals are fully and completely effectuated upon the filing of a notice of voluntary dismissal by plaintiff, and the mere filing of the notice of dismissal automatically terminates the case without intervention by the court. Id. Because a Civ.R. 41(A)(1)(a) dismissal is self-executing, "the trial court's discretion is not involved in deciding whether to recognize the dismissal." Id. Hence, when a Civ.R. 41(A)(1)(a) dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry. SeeParker v. Cleveland Pub. Library, 8th Dist. No. 83666, 2004 WL 1902549,2004-Ohio-4492, at ¶ 16.
 {¶ 4} In the matter at hand, the time-stamped notice of voluntary dismissal filed by appellee Robert Thorton is dated October 19, 2006. The trial court was not required to issue a subsequent order as it did on October 31, 2006. In any event, even though the trial court did issue an entry on October 31, that order was a nullity since appellee Robert Thorton voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a) on *Page 3 
October 19, 2006. Therefore, pursuant to App.R. 4(A), appellant had thirty days from that date to file its notice of appeal.
 {¶ 5} Appellant's notice of appeal, which was filed on November 30, 2006, was filed forty-two days after the notice of voluntary dismissal was filed with the trial court. The notice of appeal was due by Monday, November 20, 2006, which was not a holiday or a weekend.
 {¶ 6} App.R. 4(A) states that:
 {¶ 7} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 8} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 9} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A)."
 {¶ 10} Here, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has appellant alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be *Page 4 
enlarged by an appellate court. State ex rel. Pendell v. Adams Cty. Bd.of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 11} Accordingly, this appeal is dismissed sua sponte pursuant to App. R. 4(A).
 {¶ 12} Appeal dismissed.
COLLEEN MARY OTOOLE, J., concurs,
MARY JANE TRAPP, J., concurs in judgment only with a Concurring Opinion.