OPINION
{¶ 1} Appellant, Montville Plastics Rubber, Inc. ("Montville"), appeals from a February 12, 2007 entry of the Geauga County Court of Common Pleas denying *Page 2 
Montville's motion for relief from judgment, pursuant to Civ.R. 60(B). For the reasons discussed herein, the appeal is dismissed.
 {¶ 2} Appellee, Robert Thorton ("Thorton"), was injured while working for Montville on June 27, 2005. On June 26, 2006, Thorton filed a workers' compensation claim for the injuries he previously sustained. On July 1, 2005, the Bureau of Workers' Compensation ("the Bureau") published an order allowing Thorton's claim and granted him the right to participate in the workers' compensation fund. Montville appealed the order to the Bureau. The matter was forwarded to the Industrial Commission of Ohio ("the Commission") for formal administrative adjudication. On January 4, 2006, following the formal hearing, the staff hearing officer of the Commission granted Thorton the right to participate under the Workers' Compensation Act. On March 1, 2006, Montville appealed the matter to the trial court pursuant to R.C.4123.512(A). Next, on March 13, 2006, Thorton filed a complaint praying "for the right to participate in the benefits provided by the Ohio Worker's Compensation Act, for a jury trial, for statutory attorney's fees and for his costs * * *." Montville and the Administrator of the Bureau, in turn, filed their respective answers. In its answer, the Administrator of the Bureau (also an appellee in the instant appeal) stated Thorton's claim should be allowed.
 {¶ 3} On October 19, 2006, pursuant to Civ. R. 41(A)(1)(a), Thornton filed a notice of voluntary dismissal without prejudice and without the consent of Montville. On October 31, 2006, the trial court journalized an order approving and confirming the *Page 3 
dismissal without prejudice by endorsing on the face of the motion, "[i]t is so ordered."[1] On November 20, 2006, Montville filed a Civ.R. 60(B) motion challenging Thorton's ability to dismiss the action without its consent. Although the trial court had not ruled on its motion for relief from judgment, Montville filed its notice of appeal to this court on November 30, 2006. In its brief, Montville alleged the trial court erred in approving and confirming Thorton's Civ.R. 41(A)(1)(a) dismissal. Thorton v. Montville Plastics Rubber,Inc., 11th Dist. No. 2006-G-2744, 2007-Ohio-3475 ("Thorton I"). However, this court dismissed the appeal sua sponte pursuant to App.R. 4(A) without reaching the merits of Montville's arguments. Id. at ¶ 11. In doing so, the majority observed:
 {¶ 4} "* * * the time-stamped notice of voluntary dismissal filed by appellee Robert Thorton is dated October 19, 2006. The trial court was not required to issue a subsequent order as it did on October 31, 2006. In any event, even though the trial court did issue an entry on October 31, that order was a nullity since appellee Robert Thorton voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a) on October 19, 2006. Therefore, pursuant to App.R. 4(A), appellant had thirty days from that date to file its notice of appeal.
 {¶ 5} "Appellant's notice of appeal, which was filed on November 30, 2006, was filed forty-two days after the notice of voluntary dismissal was filed with the trial court." *Page 4 Thorton I, supra, at ¶ 4-5. (Trapp, J. concurring in judgment only with a Concurring Opinion).[2]
 {¶ 6} On August 23, 2007, Montville appealed this court's dismissal ofThorton I to the Supreme Court of Ohio. On December 12, 2007, the Supreme Court accepted jurisdiction over the matter in Thorton v.Montville Plastics Rubber, Inc., Ohio St.3d, 2007-Ohio-6518.
 {¶ 7} In the meantime, on December 11, 2006, the trial court determined that it lacked jurisdiction to consider Montville's motion for relief from judgment (filed November 20, 2006) absent remand from this court. This court subsequently remanded the matter to the trial court with instructions to rule upon Montville's motion. On February 12, 2007, pursuant to this court's order, the trial court overruled Montville's motion for relief from judgment stating: "[t]he Court agrees with Plaintiff's contention that the General Assembly specifically intended prospective application of the amendments to R.C. 4123.512(D)." Montville now timely appeals this ruling and raises the following three assignments of error for review:
 {¶ 8} "[1.] Was the trial court's order of October 31, 2006, order a final, appealable order under R.C. 2505.02(B)(1) and/or R.C.2505.02(B)(2), thereby releasing its February 12, 2007, denial of appellant's Civ.R. 60(B) motion similarly final and appealable? *Page 5 
 {¶ 9} "[2.] Did the trial court's February 12, 2007, order constitute an abuse of its discretion by (i) correctly determining that, "the General Assembly specifically intended prospective application of the amendments to R.C. 4123.512(D)," but (ii) simultaneously failing to accord such "prospective application of the amendments to R.C. 4123.512(D)" to the case at bar, and (iii) based upon such failure, overruling appellant's motion for relief from judgment from its October 31, 2006, judgment?
 {¶ 10} "[3.] Did appellee's filing of a Civ.Rul. [sic] 41(A)(1)(a) notice of dismissal of his complaint after September 26, 2006, but without his employer's consent, act as an adjudication on the merits, thereby entitling the appellant to judgment in its favor as a matter of law, and rendering the trial court's February 12, 2007, denial of Appellant's Civ.R. 60(B) Motion an Abuse of Discretion?"
 {¶ 11} Under the first assignment of error, Montville asserts this court has jurisdiction over the instant appeal pursuant to R.C.2505.02(B)(1) and R.C. 2505.02(B)(2). Montville maintains the October 31, 2006 order of the trial court is a final appealable order ("FAO") since it affected a substantial right and was made in a special proceeding. Therefore, Montville argues, if this underlying order is an FAO, the order denying relief under Civ.R. 60(B) is also an FAO. Montville's argument is not well-taken.
 {¶ 12} Civ.R. 60(B) is limited in its scope in that it permits a trial court to grant relief only from certain "final judgments], order[s], or proceeding[s]." Civ.R. 60(B) (emphasis added); see, also, Hensley v.Henry (1980), 61 Ohio St.2d 277, 279. However, a voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) is generally not a final *Page 6 
order. Id; see, also, State ex rel. Northpoint Properties, Inc. v.Markus, 8th Dist. No. 82848, 2003-Ohio-5252, at ¶ 33. "Under Civ.R. 41(A)(1), [a] plaintiffs notice of dismissal does not operate `as an adjudication upon the merits' because [the] plaintiff had not previously `dismissed in any court, an action based on * * * the same claim,' and because the notice of dismissal did not `otherwise' state that it should so operate. As such, it is not a final judicial determination from which Civ.R. 60(B) can afford relief." Hensley, supra. Accordingly, "[u]nless [a] plaintiff's Civ. R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B)." Id. at syllabus.
 {¶ 13} In Thorton I, this court held that Montville's appeal was not timely and therefore dismissed the matter pursuant to App.R. 4(A). InThorton I, Montville raised the issue of whether the October 31, 2006 order was an FAO. However, because this court held, in Thorton I, Montville's appeal was untimely under App.R. 4(A), no additional procedural or substantive issues were considered. Had the appeal been timely filed, this court could have reached the merits of appellant's assertions relating to the FAO issue, i.e., whether the circumstances justified an exception to the general rule that dismissals without prejudice under Civ.R. 41(A)(1)(a) are neither final nor appealable. However, Montville missed its window to have this court consider the underlying FAO issue.
 {¶ 14} Once Thorton filed his voluntary dismissal, the trial court was divested of jurisdiction over the matter. Markus, supra; see, also,Denham, supra; Deville Photography, Inc. v. Bowers, (1959),169 Ohio St. 267, 272. Further, the voluntary *Page 7 
dismissal at issue was not a "final judgment, order, or proceeding" under the Civil Rules. Accordingly, the trial court was incompetent to entertain Montville's motion for relief under Civ.R. 60(B) and any resulting order is nullity. See Hensley, supra. We therefore hold the trial court's decision to overrule Montville's motion for relief from judgment is not a final appealable order. Appellant's appeal is accordingly dismissed.
 {¶ 15} As this court lacks jurisdiction to consider the instant appeal, we are unable to consider the merits of appellant's three assignments of error.
 {¶ 16} Appeal dismissed.
COLLEEN MARY OTOOLE, J., concurs,
MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion.
[1] A dismissal without prejudice pursuant to Civ.R. 41(A)(1) relieves the court of all jurisdiction over the matter and the action is treated as if it was never commenced. Denham v. New Carlisle, 86 Ohio St.3d 594,596 1999-Ohio-128. Further, such a dismissal is self-executing and does not require a trial court's endorsement. Andrews v. Sajar Plastics,Inc. (1994), 98 Ohio App.3d 61, 66; see, also, Williams v. Thamann, 1st Dist. Nos. C-060632 and C-060633, 2007-Ohio-4320, at ¶ 5.
[2] In her concurring opinion, Judge Trapp construed Thorton's notice of voluntary dismissal to be filed pursuant to Civ.R. 41(A)(2), i.e., a dismissal without prejudice "by order of the court." As such, Judge Trapp concluded Montville's appeal timely under the appellate rules, yet agreed the appeal should be dismissed because "the dismissal was without prejudice [and therefore] it did not operate as an adjudication upon the merits * * *." Thorton I, at ¶ 18 (concurring opinion).