[Cite as *Sipes v. Sipes*, 2012-Ohio-3215.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CYNTHIA E. SIPES | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | NUNC PRO TUNC |
| | : | |
| DAVID L. SIPES | : | Filed July 13, 2012 |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00101 |

This cause comes before us on the issuance of an opinion and judgment entry *nunc pro tunc* to correct a scrivener's error for misidentification of the appellee to correct the middle initial to "E".

IT IS SO ORDERED.

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| CYNTHIA E. SIPES | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-CA-101 |
| DAVID L. SIPES | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
of Common Pleas, Domestic Relations
Division, Case No. 2008-DIV-1058

JUDGMENT:      Reversed


DATE OF JUDGMENT ENTRY:      July 13, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BRENT L. ENGLISH                    CHARLES D LYNCH
1500 West Third Street              Six West Third Street, #200
Cleveland, OH 44113-1422        Mansfield, OH  44902

*Gwin, P.J.*

{¶1} Defendant-appellant David L. Sipes appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, entered in favor of plaintiff-appellee Cynthia A. Sipes. Appellant assigns three errors to the trial court:

{¶2} "I. THE TRIAL COURT COMMITTED ERROR IN FINDING THAT HUSBAND'S VOLUNTARY NOTICE OF DISMISSAL OF HIS DIVORCE COMPLAINT PURSUANT TO CIVIL RULE 41 (A)(1)(a) WAS AN ADJUDICATION ON THE MERITS.

{¶3} "II. THE TRIAL COURT COMMITTED ERROR IN APPLYING CIVIL RULE 60 (b) TO A VOLUNTARY NOTICE OF DISMISSAL OF HUSBAND'S DIVORCE COMPLAINT FILED PURSUANT TO CIVIL RULE 41 (A)(1)(a) WHEN THE DISMISSAL WAS NOT AN ADJUDICATION ON THE MERITS.

{¶4} "III. THE TRIAL COURT COMMITTED ERROR IN SUA SPONTE REINSTATING HUSBAND'S DIVORCE COMPLAINT WHICH HUSBAND HAD VOLUNTARILY DISMISSED PURSUANT TO CIVIL RULE 41 (A)(1)(a) WHEN THERE WAS NO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60 (B) FILED BY WIFE."

{¶5} In its judgment entry of September 30, 2011, the trial court set out the procedural history in this case. On August 8, 2010, appellant filed a complaint for divorce under this case number. Appellee filed an answer and counterclaim on September 30, 2010. While the divorce action was pending, appellee moved from the state of Ohio. Prior to trial the parties agreed to jointly dismiss their respective actions and appellant agreed to re-file a complaint for divorce. The original divorce case, Case No. 2008-DIV-1058, was dismissed on January 12, 2010, and the complaint was re-filed

the same day, and given the number 2010DIV-0037. The court found appellee did not file a counterclaim in the second action because the counsel she had then believed there was a jurisdictional bar to doing so because appellee was not an Ohio resident.

{¶6} The second divorce case was set for trial on November 3 and 4, 2010. On the first day of trial, appellant voluntarily dismissed his complaint. The court found this left appellee without legal recourse to file an action in Ohio that would vest the court with subject matter jurisdiction.

{¶7} Appellee filed a motion pursuant to Civ. R. 60 (B) in the present case, 2008-DIV-1058. The trial court found the dismissal of Case Number 2008-DIV-1058 was not adjudication on the merits, and thus Civ. R. 60 (B) did not apply. The trial court further found the dismissal of 2010DIV-0037 was an adjudication on the merits under "two dismissal rule". The court found for this reason Civ. R. 60 (B) would lie against the dismissal in the 2010 case, and the court reinstated the second complaint.

I.

{¶8} In his first assignment of error, appellant argues the court committed error in finding his notice of dismissal filed in the second case was adjudication on the merits. We agree.

{¶9} Civ. R. 41 states in pertinent part:

{¶10} Voluntary dismissal: effect thereof

{¶11} (1) By plaintiff; by stipulation.

{¶12} * * * [A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

**{¶13}** (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

**{¶14}** (b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

**{¶15}** Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

**{¶16}** (2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * *

**{¶17}** There are three ways a plaintiff can dismiss a complaint under Civ. R. 41 (A). First, a plaintiff may file a notice of dismissal, which divests the trial court from jurisdiction if there are no pending counterclaims pending for independent adjudication. Civ. R. 41(A)(1)(a), *Thorton v. Montville Plastics & Rubber, Inc.,* 11th District No. 2006-G-2744,2007-Ohio-3475, ¶ 16.

**{¶18}** The second way a plaintiff can dismiss a case is by filing a stipulation signed by all parties pursuant to Civ. R. 41 (A)(1)(B). The dismissal acts as a voluntary dismissal of each party's claims.Civ.R. 41 (A)(1)(b), *Feckner v. Donley's, Inc.,* 8th District App. No. 888926, 2007-Ohio-5335 ¶ 20.

{¶19} The third way a plaintiff may dismiss a case is by motion to the court pursuant to Civ. R. 41 (A)(2). Under this scenario, there is no notice of dismissal, but rather a judgment entry from the court.

{¶20} The double dismissal rule applies only when both dismissals were notice dismissals under Civ. R. 41 (A)(1)(a). Dismissals pursuant to Civ.R. 41(A)(1)(b) and (c) do not trigger the double dismissal rule. *Olynyk v. Scoles,* 114 Ohio St. 3d 56, 2007-Ohio-2878, 868 N.E. 2d 254, ¶31.

{¶21} Because the first dismissal in the 2008 case was pursuant to a court order rather than a voluntary notice of dismissal, the two-dismissal rule does not apply.

{¶22} The first assignment of error is sustained.

II.

{¶23} In his second assignment of error, appellant argues the court erred in applying Civ. R. 60 (B) to the second action because the dismissal was not an adjudication on the merits. We agree. Appellant's dismissal of 2010DIV-0037 was neither on the merits nor the second dismissal pursuant to Civ. R. 41(A)(1)(a). As the trial court correctly noted, Civ. R. 60 (B) cannot be invoked to revive an action which has not been adjudicated on the merits. *Hensley, Administrator v. Henry,* 61 Ohio St. 2d 277, 400 N.E. 2d 1353 (1980), citations deleted. See also, *Thorton, supra.*

{¶24} The second assignment of error is sustained.

III.

{¶25} In his third assignment of error, appellant argues the trial court committed error in sua sponte reinstating the divorce complaint pursuant to Civ. R. 60 (B) because

the motion was filed in the 2008 case but was not filed in the 2010 case.  We agree with appellant, and find the court had no jurisdiction to reinstitute the second case.

**{¶26}**  The third assignment of error is sustained.

**{¶27}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is reversed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J.,  concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS

WSG:clw 0607

[Cite as *Sipes v. Sipes*, 2012-Ohio-3215.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CYNTHIA E. SIPES              :

             :

       Plaintiff-Appellee   :

             :

             :

-vs-                    :       JUDGMENT ENTRY

             :

DAVID L. SIPES            :

             :

             :

       Defendant-Appellant  :      CASE NO. 2011-CA-101

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is reversed.  Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS