[Cite as *Morell v. O'Donnell*, 2013-Ohio-3921.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99824

# DAN A. MORELL, JR.

### RELATOR

vs.

# JUDGE JOHN P. O'DONNELL, ETC.

### RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writ of Prohibition
Motion No. 465356
Order No.   466779

**RELEASE DATE:**   September 11, 2013

**ATTORNEYS FOR RELATOR**

Dan A. Morell, Jr.
Michael D. Schmit
Dan Morell & Associates L.L.C.
250 Spectrum Office Bldg.
6060 Rockside Woods Blvd.
Independence, Ohio 44131


**ATTORNEYS FOR RESPONDENT**

**For Judge John P. O'Donnell**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Charles E. Hannan, Jr.
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

**For Wade and Kathleen Rome**

T. Christopher O'Connell
Michael R. Stavnicky
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, Ohio 44122

KENNETH A. ROCCO, J.:

**{¶1}** Relator, Dan A. Morell, Jr. ("Morell"), filed this original action requesting this court to issue a writ of prohibition ordering respondent, Judge John P. O'Donnell, of the Cuyahoga County Court of Common Pleas, to refrain from exercising any continued jurisdiction in *Rome v. Seidlemann*, Cuyahoga County C.P. No. CV-726993 (hereinafter the "underlying action"). Specifically, Morell seeks a writ of prohibition that prevents Judge O'Donnell from enforcing the subpoena served on Morell and from taking any further action on a motion to show cause why Morell should not be held in contempt of court for his alleged failure to respond to the subpoena in the underlying action. Respondent has filed a motion for summary judgment, which we grant for the reasons that follow.

**{¶2}** Judge O'Donnell presided over the underlying action. It is undisputed that Morell was not a party to that case but instead represented a creditor of plaintiff Wade Rome in an unrelated matter. The underlying action was settled and dismissed. However, additional proceedings ensued with regard to enforcing the settlement agreement and culminated in the contempt proceedings that lead to this original action. The point of conflict between Morell and Judge O'Donnell is whether the trial court retained jurisdiction over the post-dismissal proceedings.

**{¶3}** Judge O'Donnell issued a journal entry in the underlying action on September 13, 2012, which provided:

Case called for second day of trial 9/13/2012. Parties and counsel present. Court reporter Maureen Povinelli present. Before trial resumed, counsel advised the Court that settlement has been reached. Therefore, the trial is canceled and this case is removed from the Court's active docket. The parties are given leave to file a more detailed final entry of dismissal. Court cost assessed as each their own.

On September 24, 2012, Judge O'Donnell issued another journal entry that provided:

The Court has received correspondence from Plaintiffs' counsel dated 9/21/2012 alleging that the defendant's have not abided by the recent settlement agreement. The Court construes that letter, which was copied to opposing counsel, as an oral motion to enforce the settlement agreement, and a hearing is set on that oral motion as follows:

hearing set for 10/02/2012 at 03:00 PM. Courtroom 18-D, Judge John P. O'Donnell.

The notice of dismissal that was filed on October 19, 2012 provided:

Plaintiffs and Defendants, by and through their respective undersigned counsel, jointly stipulate pursuant to Civ.R 41(A)(1)(b) that the within matter is dismissed with prejudice, that the Court shall retain jurisdiction over this matter and its resolution, each party to bear its own costs and fees.

The entry of this notice on the Court's appearance docket does not set forth the full content of the notice and simply provides: "Wade Rome notice of dismissal with prejudice."

{¶4} The docket reflects that additional motions were filed and that Judge O'Donnell continued to exercise jurisdiction in the underlying action. For example, on January 3, 2013, Judge O'Donnell denied plaintiffs' unopposed motion to enforce the settlement agreement, with leave to file "a future similar motion if they develop evidence

* * *." On January 8, 2013, a subpoena was served on Morell. A motion to compel and for finding for contempt was filed which Morell opposed, and Judge O'Donnell set for a show cause hearing on April 24, 2013. On that day, Morell filed this original action and Judge O'Donnell continued the hearing pending resolution of the instant action.

{¶5} A writ of prohibition "is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 2001-Ohio-15, 740 N.E.2d 265. Before it can be granted, Morell must prove that: "(1) the lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) relator possesses no other adequate remedy at law." *Id.* However, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). Therefore, if the lack of jurisdiction is patent and unambiguous, the writ will be granted upon proof of the first two elements alone.

{¶6} Absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 21.

{¶7} A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678

N.E.2d 1365 (1997). The court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶8} "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ * * * will issue to prevent the exercise of jurisdiction." *Sadler*, 2002-Ohio-3605, ¶ 22, *see also State ex rel. Northpoint Props., Inc. v. Markus*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 20 (whether a trial court has jurisdiction to proceed following the settlement and dismissal of a case depends upon whether the trial court unconditionally dismissed it.)

{¶9} Morell argues that Judge O'Donnell lacked jurisdiction because Morell believes that the underlying action was unconditionally dismissed. Conversely, Judge O'Donnell has moved for summary judgment asserting that the Court did not unconditionally dismiss the underlying action and, therefore, retained jurisdiction over the post-dismissal proceedings.

> The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order * * * "when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains jurisdiction over the authority to enforce such an agreement in the event the condition does not occur."

*Markus*, 2003-Ohio-5252, ¶ 20, quoting, *Berger v. Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623 (Aug. 18, 1994).

{¶10} This court has found that reference to a settlement agreement in the court's dismissal entry is sufficient to retain jurisdiction over the enforcement of the settlement agreement. *E.g.*, *Northpoint*, 2003-Ohio-5252, ¶ 28, citing *Fisco v. H.A.M. Landscaping, Inc.*, 8th Dist. Cuyahoga No. 80538, 2002-Ohio-6481 ("dismissal entry that stated, 'the instant matter is settled and dismissed' was not an unconditional dismissal and the trial court retained jurisdiction to hear a motion to enforce a settlement agreement."); *see also State ex rel. Continental Mtge. Servs., Inc. v. Kilbane-Koch,* 8th Dist. Cuyahoga No. 75267, 1999 Ohio App. LEXIS 58, 1999 WL 14002 (Jan. 4, 1999) (finding a dismissal to be conditional where the entry stated, "Pursuant to the settlement and agreement of the [Plaintiff] and [Defendants], all claims against these Defendants only are hereby settled and dismissed, with prejudice, at Defendants' costs.")

{¶11} Morell argues that Judge O'Donnell did not retain jurisdiction through any entry. However, in this case, Judge O'Donnell's September 13, 2012 journal entry indicated the underlying action was "settled"; the matter was removed from the Court's "active docket"; and the parties were "given leave to file *a more detailed final entry of dismissal*." (Emphasis added.) Subsequently, the court exercised its jurisdiction by setting a hearing on plaintiff's motion to enforce the settlement agreement. This transpired before the parties filed a stipulated notice of dismissal, which we presume was the "more detailed final entry of dismissal" referenced by the Court's prior entry. The

stipulated dismissal also indicated that "the Court shall retain jurisdiction over this matter
* * *."

{¶12} A "notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17; *see also Wyman v. T.N.L. Invest. & Realty Co.,* 8th Dist. Cuyahoga No. 94378, 2010-Ohio-4015*, ¶* 7. In *Wyman*, this Court found that the trial court retained jurisdiction where the parties' stipulation of dismissal "expressly stated that the case was settled and that the court retained jurisdiction to enforce the settlement" even though the trial court's subsequent dismissal entry did not mention the settlement or retention of jurisdiction. *Id.*

{¶13} In this case, both the trial court's journal entry and the stipulated notice of dismissal reflect that the case was dismissed pursuant to a settlement agreement which is sufficient evidence of the court's retention of jurisdiction to enforce the settlement.

{¶14} Further, the proceedings at issue involve post-dismissal contempt proceedings. It is well settled that "trial courts may consider collateral issues like criminal contempt * * * despite a dismissal." *State ex rel. Engelhart v. Russo,* 131 Ohio St.3d 137, 142, 2012-Ohio-47, 961 N.E.2d 1118, ¶ 28, quoting, *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, ¶ 5. A contempt hearing on a party's alleged failure to comply with a subpoena and court order to provide documents to a party may be civil or criminal in nature. *State ex rel. Corn*, 90 Ohio St.3d

at 555-556 (finding that nature of the contempt proceeding, i.e., whether it is civil or criminal in nature, depends upon its purpose); *see also State ex rel. Fifth Third Mtge. Co.*, 2010-Ohio-3734, ¶ 14 (holding that relief in prohibition is not appropriate regarding a contempt hearing because "[a]ppeal of any adverse contempt order is an adequate remedy of law.")

{¶15} For the foregoing reasons, Morell has not established that Judge O'Donnell patently and unambiguously lacks the necessary jurisdiction to enforce the subpoena served upon him or to entertain the motion for contempt. Judge O'Donnell is entitled to summary judgment on Morell's complaint for writ of prohibition. Accordingly, Judge O'Donnell's motion for summary judgment is granted. Morell to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶16} Writ denied.


_____
KENNETH A. ROCCO, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS