[Cite as *Jonas v. W.P. Hickman Sys., Inc.*, 2013-Ohio-4484.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99793

---

## ROBERT JONAS

### PLAINTIFF-APPELLANT

vs.

## W.P. HICKMAN SYSTEMS, INC., ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-656375

**BEFORE:**    Boyle, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    October 10, 2013

**ATTORNEYS FOR APPELLANT**

Kyle S. Baird
Heather M. Lutz
David J. Tocco
Vorys, Sater, Seymour & Pease
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEES**

**For W.P. Hickman Systems, Inc.**

Paul J. Cordaro
Campbell & Levine, L.L.C.
1700 Grant Building
Pittsburgh, Pennsylvania    15219

**For Serefex Corporation**

Michael P. Marsalese
Marsalese Law Group, P.L.L.C.
21415 Civic Center Drive
Suite 250
Southfield, Michigan    48076

MARY J. BOYLE, P.J.:

{¶1}  Plaintiff-appellant, Robert Jonas, appeals the trial court's decision denying his motion to enforce a settlement agreement against defendant-appellee, Serefex Corporation ("Serefex").   Because the trial court no longer had any jurisdiction over the parties and the settlement agreement, we find no merit to the appeal and affirm.

## Procedural History and Facts

{¶2}  Jonas was the president of W.P. Hickman Systems, Inc. ("WP Hickman") from 1985 until 2007.   Jonas was also a limited partner of Hickman Holdings, L.P. ("Hickman Holdings"), an Ohio limited partnership created for the purpose of owning and controlling the capital stock of WP Hickman.

{¶3}  In 2007, Serefex Corporation acquired a majority of the outstanding shares of common stock of WP Hickman.

{¶4}  That same year, WP Hickman terminated Jonas's employment after Jonas allegedly split $3.2 million in settlement proceeds with another corporate officer, David D'Anza.

{¶5}  In April 2008, Jonas filed a complaint against WP Hickman, Serefex, and Brian Dunn in the Cuyahoga County Court of Common Pleas, claiming wrongful termination, defamation, tortious interference, and other employment-related claims. WP Hickman filed a counterclaim against Jonas, alleging (1) Jonas breached his fiduciary duty to the company by wrongfully converting–embezzling corporate funds ($1.62 million); (2) fraud; and (3) conspiracy to commit conversion and defamation.

**{¶6}** In June 2011, the trial court granted Jonas's motion for summary judgment, finding in favor of Jonas on all of WP Hickman's counterclaims.

**{¶7}** In September 2011, Jonas and Serefex–Dunn reached a settlement agreement amongst themselves. On November 7, 2011, a consent judgment entry was filed awarding Jonas damages on his claims against WP Hickman. One month later, in accordance with the settlement agreement reached between Jonas, Serefex, and Dunn, Jonas filed a Civ.R. 41(A) dismissal with prejudice of his claims against Serefex and Dunn. The dismissal notice did not mention the settlement agreement or provide for the trial court's retention of jurisdiction to enforce the settlement agreement.

**{¶8}** Aside from this litigation, in September 2008, Serefex filed a lawsuit in Florida's federal district court against Hickman Holdings and two other defendants, alleging that they committed fraud at the time that they entered into the stock exchange agreement with Serefex by overinflating the prices of its shares. In August 2010, Serefex won over $11 million against the defendants. Serefex, however, had difficulty collecting the judgment from Hickman Holdings. Consequently, Serefex filed a motion to pierce the corporate veil of Hickman Holdings. The federal court denied it on the basis that such a claim had to be made in a separately filed action. As a result, Serefex filed a complaint against several individuals, including Jonas, in the U.S. District Court for the Middle District of Florida.

**{¶9}** According to Jonas, Serefex released all claims that it has against him by virtue of the settlement agreement executed in the underlying case before this court.

Based on this belief, Jonas filed a motion to enforce the settlement agreement in the lower court. The trial court denied it and now Jonas appeals, raising the following two assignments of error:

[I.] The trial court erred when it failed to enforce the settlement agreement between Robert Jonas and Serefex Corporation.

[II.] The trial court erred when it failed to conduct an evidentiary hearing prior to entering judgment on the motion to enforce the settlement agreement.

Trial Court's Jurisdiction

{¶10} In his first assignment of error, Jonas argues that the trial court should have granted his motion to enforce the settlement agreement. He contends that the settlement agreement is an enforceable contract and that the release in the settlement agreement expressly governs "all claims," including those claims asserted against Jonas in the Florida litigation. We first must decide, however, whether the trial court has jurisdiction to enforce the settlement agreement.

{¶11} This court has consistently recognized that "'when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed.'" *State ex. rel. Morell v. O'Donnell*, 8th Dist. Cuyahoga No. 99824, 2013-Ohio-3921, ¶ 8, quoting *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22. Conversely, if a trial court does not unconditionally dismiss the action, it retains jurisdiction over the post-dismissal proceedings. As this court has stated:

The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order * * * "when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains jurisdiction over the authority to enforce such an agreement in the event the condition does not occur."

*State ex rel. Northpoint Properties, Inc. v. Markus*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 20, quoting *Berger v. Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. Lexis 3623 (Aug. 18, 1994).

{¶12} Indeed, this court has found that reference to a settlement agreement in the court's dismissal entry is sufficient to retain jurisdiction over the enforcement of a settlement agreement. *See O'Donnell* at ¶ 10 (listing cases finding that reference to a settlement in a dismissal entry was sufficient for the trial court to retain jurisdiction over a motion to enforce settlement agreement). Notably, the only case relied on by Jonas in support of the trial court's jurisdiction involved a stipulation of dismissal by the parties that expressly referenced the parties' settlement agreement and the retention of the trial court's jurisdiction to enforce the agreement. *See Prudential Property & Cas. Ins. Co., Inc. v. LMI Ins. Co.*, 5th Dist. Richland No. 96CA32, 1997 Ohio App. LEXIS 1095 (Mar. 7, 1997).

{¶13} In this case, however, Jonas filed his notice of voluntarily dismissal with prejudice pursuant to Civ.R. 41(A) on December 5, 2011. The notice of dismissal contains no mention of the trial court retaining jurisdiction. Nor does it even reference

a settlement agreement. Notably, the settlement agreement was never even filed with the trial court. Accordingly, under these facts, the trial court lacks jurisdiction to enforce any underlying settlement agreement and, therefore, properly denied Jonas's motion to enforce the settlement agreement.

{¶14} Having found that the trial court lacks jurisdiction, we need not reach the issue of whether the settlement agreement released Jonas from all claims, including the subsequently filed Florida litigation. We likewise find no error in the trial court not having an evidentiary hearing.

{¶15} The two assignments of error are overruled.

{¶16} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR