[Cite as *Chase Home Fin., L.L.C. v. Keys*, 2014-Ohio-2639.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99920**

---

# CHASE HOME FINANCE, L.L.C.

PLAINTIFF-APPELLEE

vs.

# MICHELLE KEYS, INDIVIDUALLY, ETC., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-737885

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEYS FOR APPELLANT**

Christina E. Niro
David A. Schaefer
McCarthy, Lebit, Crystal & Liffman, Co., L.P.A.
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Miranda S. Hamrick
Stacy L. Hart
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Michelle Keys ("Keys"), individually and as administrator of the Estate of Dolores Thomas, appeals the denial of a motion to enforce a settlement agreement against plaintiff-appellee, Chase Home Finance, L.L.C. ("Chase"). We find merit to the appeal, reverse the trial court judgment, and remand the case to the trial court to hold an evidentiary hearing.

{¶2} In May 2008, Chase filed two foreclosure complaints against Dolores Thomas ("Thomas"). One complaint sought foreclosure on a home in East Cleveland. The other sought foreclosure of a home in Cleveland Heights. Following mediation, the parties entered into a forbearance agreement, and the court dismissed the cases without prejudice pursuant to its standing case management directive of February 2010. The forbearance agreement required Thomas to complete a four-month payment schedule and to provide updated financial documents to Chase for purposes of approving a permanent loan modification. As part of the agreement, Thomas agreed to grant Chase a deed in lieu of foreclosure on the East Cleveland home.

{¶3} Thomas passed away during the forbearance period, and Chase was unable to approve the permanent loan modification. In September 2010, Chase refiled its complaint for foreclosure against Keys, individually and as administrator of Thomas's estate. This case was assigned case number CV-10-737885. In June 2011, the parties entered into another forbearance agreement in which Keys agreed to make five-monthly

payments of $385 by the first of every month for five months, and Chase agreed to refrain from prosecuting its foreclosure action against Keys. Accordingly, the trial court dismissed CV-10-737885, without prejudice, pursuant to the court's standing case management directive because the parties had reached an agreement.

{¶4} Several days after the court dismissed the case, it journalized an entry stating that Keys had not obtained service of her counterclaim on Chase and ordered Keys to file a notice of intent to proceed or her counterclaim would be dismissed on August 5, 2011. On July 26, 2011, Keys dismissed her counterclaim without prejudice pursuant to the court's order and because the parties had reached an agreement.

{¶5} The forbearance plan failed. Each side accused the other of breaching the agreement, and Chase's successor-in-interest, Federal Mortgage Association ("Fannie Mae") filed a third foreclosure complaint against Keys in CV-12-781125. Keys filed a motion to enforce the parties' settlement agreement in both CV-10-737885 and CV-12-781125 because each side accused the other of breaching the agreement. Keys also filed a counterclaim in CV-12-781125, alleging breach of the parties' June 2011 contract to settle the litigation.

{¶6} On April 11, 2013, the court in CV-12-781125 denied Keys's motion to enforce the settlement agreement, holding that the court in CV-10-737885, retained jurisdiction. However, on April 24, 2013, the court in CV-10-737885 denied the motion. Keys now appeals and raises two assignment of error.

**Standard of Review**

**{¶7}** The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the question presented. If the question is an evidentiary one, this court will not overturn the trial court's finding if there was sufficient evidence to support such finding. *Chirchiglia v. Ohio Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679, 742 N.E.2d 180 (7th Dist.2000). If the dispute is a question of law, an appellate court must review the decision de novo to determine if the trial court's decision whether or not to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law. *Continental W. Condo. Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

### Evidentiary Hearing

**{¶8}** We find the second assignment of error dispositive of this appeal. In the second assignment of error, Keys argues the trial court in CV-10-737885 erred as a matter of law when it sua sponte denied her motion to enforce the settlement agreement without first holding an evidentiary hearing.

**{¶9}** In its judgment entry denying Keys's motion, the court stated:

> Defendant Michelle Keys individually and as administratrix motion to enforce settlement agreement filed pursuant to court order filed on 4/22/13, is denied. On 7/14/11, Plaintiff dismissed its claims against Defendant Michelle Keys. Defendant voluntarily dismissed her counterclaims in a journal entry recorded on 7/26/12.

Presumably, the court's basis for overruling the motion was simply that it lacked jurisdiction because both sides had voluntarily dismissed their claims. However, the docket reflects that Chase never voluntarily dismissed its claims against Keys. As

previously stated, the court dismissed Chase's action without prejudice pursuant to a standing order because the parties had entered into a forbearance agreement.

**{¶10}** A trial court generally has authority to enforce settlement agreements voluntarily entered into by the parties to a lawsuit. *Continental W. Condo. Owners Assn.* at 502. However, when the parties voluntarily dismiss their respective claims pursuant to Civ.R. 41(A), the court "patently and unambiguously lacks jurisdiction to proceed." *State ex rel. Northpoint Props., Inc. v. Judge Richard Markus,* 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 19.

**{¶11}** The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order. *Id.* at ¶ 20. "[W]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains authority to enforce such an agreement in the event the condition does not occur." *Id.,* quoting *Berger v. Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623 (Aug. 18, 1984). "[R]eference to a settlement agreement in the court's dismissal entry is sufficient to retain jurisdiction over the enforcement of a settlement agreement." *Jonas v. W.P. Hickman Sys.*, 8th Dist. Cuyahoga No. 99793, 2013-Ohio-4484, ¶ 12.

**{¶12}** In its dismissal entry, the court stated:

> On July 8, 2011, plaintiff notified the court of a forbearance plan. Pursuant to this court's standing case management directive, the case is dismissed without prejudice.

Thus, the court's dismissal entry was premised on its receipt of a notice of forbearance agreement. The notice of forbearance, filed by Chase, states in its entirety:

> Now comes Chase Home Finance LLC, by and through counsel, and pursuant to this Honorable Court's Standing Case Management Order, hereby gives Notice that it has entered into a Forbearance Agreement with Defendant, Michelle Keys, for the purpose of curing the mortgage loan arrearage.

Therefore, the dismissal was conditional, and the trial court retained jurisdiction to hear Keys's motion to enforce the settlement agreement.

{¶13} A settlement agreement is an enforceable contract to resolve a legal dispute by preventing or ending litigation. *Continental W. Condo. Unit Owners Assn.,* 74 Ohio St.3d at 502, 660 N.E.2d 431. "A contract is generally defined as a promise, or a set of promises, actionable upon breach." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). To be enforceable, a contract must have "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Id.* There must also be a meeting of the minds as to the essential terms of the contract. *Id.* Once there is such a meeting of the minds, one cannot refuse to proceed with settlement due to a mere change of mind. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984).

{¶14} "'To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear,' and if there is uncertainty as to the terms then the

court should hold a hearing to determine if an enforceable settlement exists." *Id.*, quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 377, 683 N.E.2d 337 (1997).

{¶15} In support of her motion to enforce the settlement agreement, Keys submitted an affidavit in which she avers she made all the necessary payments and submitted updated financial information to Chase as required by the agreement. According to Keys, she complied with all of her obligations under the agreement, but alleges that Chase, now Fannie Mae, decided it no longer wanted to resolve the case according to the terms of the agreement.

{¶16} The record does not contain a complete copy of the forbearance agreement. Although Chase (Fannie Mae) recites some of the terms of the agreement in its brief, without a certified copy of the entire agreement, it is impossible to ascertain its terms with any degree of certainty. Since there was no way the court could determine whether the terms were "reasonably certain and clear," it should have held an evidentiary hearing to determine if an enforceable settlement exists.

{¶17} Therefore, we sustain the second assignment of error.

{¶18} The first assignment of error, in which Keys argues the court erred in summarily denying her motion to enforce the settlement agreement without any explanation, is moot.

{¶19} Judgment reversed. Case is remanded to the trial court for an evidentiary hearing on Keys's motion to enforce the settlement agreement.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR