[Cite as *Royal Property Invest. Group, L.L.C. v. Bangs Hair Salon*, 2014-Ohio-5155.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101436**

**ROYAL PROPERTY INVESTMENT
GROUP, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**BANGS HAIR SALON, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800875

**BEFORE:** Jones, P.J., S. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEYS FOR APPELLANT**

Brett M. Mancino
Mancino Mancino & Mancino
75 Public Square, # 1016
Cleveland, Ohio 44113

Alexander E. Gertsburg
The Gertsburg Law Firm
36 South Franklin Street
Chagrin Falls, Ohio 44022


**ATTORNEY FOR APPELLEES**

Mark S. O'Brien
Heights Medical Center Bldg.
2460 Fairmount Blvd.
Suite 301B
Cleveland Heights, Ohio 44106

LARRY A. JONES, SR., P.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

**{¶2}** Plaintiff-appellant, Royal Properties Investment Group, L.L.C. ("RPI"), appeals the trial court's denial of its motion to enforce settlement and motion to vacate. Finding some merit to the appeal, we reverse and remand for an evidentiary hearing.

**{¶3}** In 2013, RPI filed suit against defendants-appellees, Bangs Hair Salon and its owner, Edith Donaldson (collectively referred to as "Donaldson"), alleging breach of a commercial lease. RPI sought monetary damages as well as attorney fees. After a contentious pretrial process, the parties reached a settlement on the day the matter was set for trial, January 27, 2014, and hand wrote a proposed settlement agreement.

**{¶4}** The parties submitted a Civ.R. 41 stipulation of dismissal form with the trial court. The trial court filled out a civil case entry form, dismissing the case with prejudice, and the two documents were filed in the clerk of court's office on January 30, 2014.

**{¶5}** The stipulation of dismissal stated: "We, the attorneys for the respective parties, do hereby stipulate this matter is hereby settled and dismissed with prejudice. Parties to submit a final dismissal entry. See separate entry."

**{¶6}** Donaldson subsequently sent a proposed typed settlement agreement to RPI that she claimed memorialized the handwritten agreement. RPI responded with changes to Donaldson's proposed agreement, and the parties were unable to reach any further agreement.

**{¶7}** It is undisputed that the parties did not submit a final dismissal entry to the court.

**{¶8}** On April 14, 2014, RPI filed a motion to enforce the settlement agreement. Donaldson opposed the motion, and RPI moved to vacate the court's judgment entry dismissing the case with prejudice. The trial court denied RPI's motions.

{¶9} RPI filed a timely appeal and raises two assignments of error for our review:

I.   The trial court erred to the prejudice of the appellant in not enforcing a settlement agreement entered into between the parties.

II.   The trial court erred to the prejudice of the appellant when it failed to vacate its dismissal with prejudice entry, or to hold a hearing with respect to the motion to vacate the dismissal entry.

{¶10} In the first assignment of error, RPI argues that the trial court erred when it denied its motion to enforce the settlement agreement between the two parties.   At issue in this case is whether the trial court retained jurisdiction over the case once it dismissed the case with prejudice.   RPI claims that the trial court retained jurisdiction over the settlement agreement, but Donaldson argues that the trial court unconditionally dismissed the case with prejudice, thereby losing jurisdiction.

{¶11} A trial court generally has authority to enforce settlement agreements voluntarily entered into by the parties to a lawsuit.   *Continental W. Condo. Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).   However, when the parties voluntarily dismiss their respective claims pursuant to Civ.R. 41(A), the court "patently and unambiguously lacks jurisdiction to proceed."   *State ex rel. Northpoint Props., Inc. v. Markus*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 19.   A trial court also no longer has jurisdiction to enforce a settlement agreement when it unconditionally dismisses a case.   *Id.* The determination of whether a dismissal is unconditional is dependent upon the terms of the dismissal order.   *Id.* at ¶ 20.   "[W]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains authority to enforce such an agreement in the event the condition does not occur."   *Id.*, citing *Berger v. Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623 (Aug. 18, 1984).

{¶12} This court has consistently found that reference to a settlement in the court's dismissal entry is sufficient to retain jurisdiction over the enforcement of the settlement

agreement. *Jonas v. W.P. Hickman Sys.*, 8th Dist. Cuyahoga No. 99793, 2013-Ohio-4484, ¶ 12; *Morell v. O'Donnell*, 8th Dist. Cuyahoga No. 99824, 2013-Ohio-3921, ¶ 20; *see also Fisco v. H.A.M. Landscaping Inc.*, 8th Dist. Cuyahoga No. 80538, 2002-Ohio-6481 (dismissal entry stating, "the instant matter is settled and dismissed" was a conditional dismissal and the trial court retained jurisdiction to hear a motion to enforce a settlement agreement); *State ex rel. Continental Mtge. Servs., Inc. v. Kilbane-Koch*, 8th Dist. Cuyahoga No. 75267, 1999 Ohio App. LEXIS 58 (Jan. 4, 1999) (finding a dismissal to be conditional where entry stated that pursuant to the settlement and agreement of the parties, all claims are hereby settled and dismissed, with prejudice).

**{¶13}** We note that other appellate districts have reached a different conclusion with regard to what constitutes a conditional dismissal. *See Huntington Natl. Bank v. Molinari*, 6th Dist. Lucas No. L-11-1223, 2012-Ohio-4993, ¶ 16 (noting conflict among districts). The issue of "[w]hether a dismissal entry that does not either embody the terms of a settlement agreement or expressly reserve jurisdiction to the trial court to enforce the terms of a settlement agreement is an unconditional dismissal" is currently before the Ohio Supreme Court in *Infinite Sec. Solutions, L.L.C. v. Karam Props. I, Ltd.*, Ohio Supreme Court No. 2013-1671. Until such time as the Ohio Supreme Court has ruled on the issue, we will continue to follow the precedent of this district.

**{¶14}** Donaldson argues the trial court's journal entry dismissing the case with prejudice was unconditional; therefore, the trial court no longer retrained jurisdiction to enforce the settlement agreement. To support her argument, Donaldson claims that the parties' stipulation of dismissal was not part of the trial court's dismissal entry. But the record belies her claim. Docket Entry No. 52 consists of two documents received for filing in the clerk of court's office on January 30, 2014: (1) the court's civil case status form and (2) the Civ.R. 41(A) stipulation for

dismissal and judgment entry signed by the court, the parties, and the attorneys for the parties.[1]
The documents were filed together, docketed under a single entry, and stapled together.
Therefore, they are part and parcel of one another and must be considered together.

{¶15} The parties' stipulation of dismissal provided that the parties had settled the matter and stipulated that the matter was dismissed with prejudice. It further stated: "Parties to submit a final dismissal entry. See separate entry." In the journal section of the trial court's civil case status form, it stated "Dismissal Entry" and the box marked "dismissed with prejudice" was checked. Contrary to both parties' assertions, their handwritten settlement agreement was not attached to the stipulation for dismissal, nor, as RPI argues, was the handwritten settlement agreement executed in open court.[2]

{¶16} Based on the record before us and the case law from our district, we determine that the trial court's civil case form dismissing the case with prejudice considered in pari materia with the Civ.R. 41(A) stipulation of dismissal are sufficient to show that the dismissal was conditional upon the settlement; therefore, the trial court retained jurisdiction over the settlement agreement.

{¶17} Ohio courts have held that in the event that a factual dispute arises concerning the existence or the terms of a settlement agreement, as in this case, an evidentiary hearing is required in order to determine the nature of the purported settlement. *Riddle*, 8th Dist. Cuyahoga Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623, at *6, citing *Palmer v. Kaiser Found. Health*, 64 Ohio App.3d 140, 580 N.E.2d 849 (8th Dist.1991). "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear, and if there is uncertainty as to

---

[1]Donaldson contended in her brief in opposition to RPI's motion to enforce the settlement agreement that dismissal with prejudice was unconditional, in part, because the trial court did not sign the parties' stipulation for dismissal. But the trial court did, in fact, sign and date the stipulation.

[2]The handwritten settlement agreement is in the trial court record as an exhibit to RPI's motion to enforce the settlement agreement.

the terms then the court should hold a hearing to determine if an enforceable settlement exists." *Chase Home Fin., L.L.C. v. Keys*, 8th Dist. Cuyahoga No. 99920, 2014-Ohio-2639, ¶ 12, citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984).

{¶18} Here, the trial court's dismissal of the case was conditional, based on the parties' settlement agreement; thus, the trial court retained jurisdiction to hear a motion to enforce the settlement agreement. Faced with a factual dispute concerning the nature and terms of the settlement, the trial court should have set the matter for an oral hearing to determine the extent of the disputed terms. The trial court failed to do so.

{¶19} Therefore, we sustain the first assignment of error.

{¶20} In the second assignment of error, RPI argues the court erred in denying its motion to vacate. RPI filed its motion to vacate with the trial court, asking the court, in the alternative, to vacate its dismissal entry under Rule 60(B)(1) and/or (5) if it refused to enforce the terms of the settlement agreement.

{¶21} Civ.R. 60(B)(1) and (5) provide, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding" due to (1) "mistake" or (5) "any other reason justifying relief from the judgment."

{¶22} In order to prevail on a motion pursuant to Civ.R. 60(B), RPI must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is timely made." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. In reviewing the denial of a Civ.R. 60(B) motion, an appellate court applies an abuse of discretion standard. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶23} Although the trial court was within its discretion to consider RPI's motion to vacate

because it had already dismissed the case with prejudice, *Hill v. Briggs*, 111 Ohio App.3d 405, 676 N.E.2d 547 (10th Dist.1996), we do not find that the court abused that discretion when it denied the motion without a hearing. As decided under the first assignment of error, the trial court retained jurisdiction to enforce the settlement agreement; therefore, there was and is no need to vacate the judgment dismissing the case. Continuing jurisdiction over the settlement agreement is a more efficient means of enforcing the settlement agreement than vacating the dismissal altogether that could have the effect of placing the parties back at the trial stage, as if no settlement had been reached at all.

{¶24} The second assignment of error is overruled.

{¶25} Judgment reversed. Case is remanded to the trial court for an evidentiary hearing on RPI's motion to enforce the settlement agreement. It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR