[Cite as *Nexgen Coastal Invests., L.L.C. v. Issa Constr. & Dev., L.L.C.*, 2023-Ohio-4071.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

NEXGEN COASTAL INVESTMENTS,
LLC, :

      Plaintiff-Appellant, :

                                 No. 112335

      v. :

ISSA CONSTRUCTION AND
DEVELOPMENT, LLC, :

      Defendant-Appellee. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 9, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902940

---

### *Appearances:*

Keith D. Weiner & Associates Co., LPA and Suzana Pastor,
*for appellant.*

John Taylor, *for appellee.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Nexgen Coastal Investments, LLC ("Nexgen") appeals from the trial court's order entering judgment in the amount of $5,000 against defendant-appellee Issa Construction and Development, LLC ("Issa") in

favor of Nexgen and dismissing the case with prejudice. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} This case arises out of a contract dispute. In September 2016, Nexgen hired Issa to remodel a residential property located at 9002 Park Heights Avenue in Garfield Heights, Ohio ("the property"). Pursuant to the construction contract, the remodel was to be completed for $30,500.

{¶ 3} On August 29, 2018, Nexgen filed a complaint for money judgment and declaratory judgment against Issa, bringing claims of breach of contract, unjust enrichment, negligence, and fraud against Issa and seeking a declaratory judgment finding that the mechanic's lien attached to the property is invalid and should be immediately released. In the complaint, Nexgen alleged that the remodel was incomplete and that, despite Nexgen making full payment of $30,500, Issa has not complied with the terms of the contract and has abandoned the project.

{¶ 4} On February 1, 2019, Issa filed its answer. On July 24, 2019, Issa filed two counterclaims, alleging that it had completed the initial work on the property in December 2017, but because of Nexgen's requests for additional work, Issa incurred additional labor and material costs of $6,705. Issa also alleged that it had performed remodeling work for Nexgen at a second property located in Reynoldsburg, Ohio, and that Nexgen had made a partial payment for that work but had an outstanding balance of $2,700.

**{¶ 5}** On October 9, 2019, the case was referred to mediation, to be completed in January 2020. The trial court docket reflects that Issa and its defense counsel failed to appear for mediation, and the case was returned to the court's docket for further proceedings.

**{¶ 6}** On May 12, 2020, Nexgen filed a motion with the trial court to post a bond in lieu of a previously filed mechanic's lien. The motion stated that the Garfield Heights property was sold on April 29, 2020, and in agreement with Issa, the mechanic's lien was released to facilitate the sale of the property. The amount of the mechanic's lien, $9,405, was being held in escrow for a period of 30 days, set to expire on May 29, 2020. Nexgen's motion sought an order from the court whereby Nexgen could obtain the funds from the escrow account, convert the funds to a bond, and post the bond with the court. On May 19, 2020, the trial court granted this motion.

**{¶ 7}** On January 15, 2021, the case was again referred to mediation, and mediation was scheduled to take place on March 15, 2021.

**{¶ 8}** On February 9, 2021, Issa filed a motion for leave to file a motion for partial summary judgment. The trial court granted this motion, and Issa filed a motion for partial summary judgment on Nexgen's fraud, negligence, and unjust enrichment claims. On April 8, 2021, Issa filed a brief in opposition. On May 11, 2021, the trial court denied Issa's motion for partial summary judgment.

{¶ 9} After numerous delays, on June 16, 2022, the case was once against set for mediation on August 8, 2022. An August 11, 2022 journal entry reflects that mediation was successful:

> Mediation hearing held. The parties in the captioned case have reached a settlement and agree to submit the dismissal entry within 30 days of the date of this order. Each party to bear their own costs. Notice issued.

{¶ 10} On November 16, 2022, Issa filed a motion to enforce memorandum of understanding, moving the court to enter an order memorializing the terms of the memorandum of understanding the parties entered during mediation; the memorandum of understanding was attached to this motion.

{¶ 11} The same day, Nexgen filed a motion to reactivate the case and reset a trial date. Nexgen's motion stated that mediation took place on August 11, 2022, and the parties agreed to a settlement that was memorialized via a memorandum of understanding. Nexgen goes on to state that the settlement was to be further memorialized via a settlement agreement and mutual release of all claims, which was drafted and sent to Issa's counsel for review and execution. Nexgen alleged that Issa never signed the settlement agreement and continued to attempt to delay the case.

{¶ 12} On November 29, 2022, Issa filed a brief in opposition to Nexgen's motion to reactivate the case. Issa claimed that both parties proposed changes to the memorandum of understanding, but neither party had agreed to sign a settlement agreement containing the updated terms.

{¶ 13} On November 30, 2022, Nexgen filed a brief in opposition to Issa's motion to enforce the memorandum of understanding.

{¶ 14} On December 20, 2022, the court granted Issa's motion to enforce the memorandum of understanding and denied Nexgen's motion to reactive the case. In a corresponding journal entry, the court reduced the parties' memorandum of understanding to a judgment as follows:

> A) Any and all monies deposited with the court via interpleader are hereby released to plaintiff; B) Judgment in the amount of $5,000.00 is hereby entered against defendant and in favor of plaintiff; C) The court holds that defendant admits that it did not complete the work to be performed at the property located at 9002 Park Heights, Garfield Heights, Ohio under contract with Nexgen Coastal Investments, LLC; and D) Plaintiff is granted permission to share this order with any of the investors of this specific project and with any party that makes an inquiry to plaintiff seeking a reference. The court hereby orders plaintiff not to otherwise publish this order.

The court dismissed the case with prejudice and assessed each party its own court costs.

{¶ 15} Nexgen filed a timely notice of appeal and raises three assignments of error for our review:

> I. The lower court erred as a matter of law as it both entered judgment in favor of Plaintiff-Appellant and dismissed the case with prejudice.

> II. The lower court erred as a matter of law when it granted Defendant-Appellee's motion to enforce the memorandum of understanding.

> III. The lower court abused its discretion by failing to conduct an evidentiary hearing where the meaning of the terms of the settlement agreement [were] disputed and further, where there was a clear dispute as to the existence of a settlement agreement.

**Legal Analysis**

{¶ 16} As an initial matter, we note that the parties do not dispute that they reached a settlement during mediation and memorialized the terms of this settlement in a memorandum of understanding. Further, both parties have incorporated the terms of this memorandum of understanding into the record in this case, including in their appellate briefs. The memorandum of understanding sets forth the following terms:

1. Payment and Costs

The parties agree to settle the above-captioned matter on the following terms:

A. The money placed with the court through Interpleader is to be released to the Plaintiff.

B. Defendant will make a payment of $5,000.00 to Plaintiff within 30 days.

C. Defendant will sign an Admission of Incomplete Construction to be provided to Plaintiff, however, Plaintiff will agree that it will not publish the document and will only share the admission to any of the investors on this specific project and with any party that makes an inquiry to Plaintiff seeking a reference.

D. The parties may prepare a more formal admission document but it is intended to be similar as what follows:

Issa Construction and Development, LLC, admits that it did not complete the work to be performed at the property located at 9002 Park Heights, Garfield Heights, Ohio under contract with Nexgen Coastal Investments, LLC.

E. A more formal settlement agreement will be prepared with complete mutual releases.

2. Dismissal & Settlement Documents

A Dismissal Entry, dismissing the case with prejudice will be prepared and signed by the parties and will be submitted to the Court.

3. Other Terms

The Court to retain jurisdiction to enforce settlement.

Each party to bear their own costs.

{¶ 17} These terms are what Issa attached to its motion to enforce the settlement agreement, and Nexgen does not dispute that these are the terms of the memorandum of understanding.

{¶ 18} It is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement. *Natl. Court Reporters, Inc. v. Krohn & Moss, Ltd.*, 8th Dist. Cuyahoga No. 95075, 2011-Ohio-731, ¶ 8, citing *Mentor v. Lagoons Point Land Co.*, 11th Dist. Lake County No. 98-L-190, 1999 Ohio App. LEXIS 6127 (Dec. 17, 1999). Therefore, we review the trial court's decision on the motion to enforce the settlement agreement for abuse of discretion. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 19} Nexgen's first assignment of error argues that the lower court erred as a matter of law when it both entered judgment in favor of Nexgen and dismissed the case with prejudice. Specifically, Nexgen argues that a case can only be dismissed if it is still pending, and therefore the trial court's entry of a $5,000 judgment in Nexgen's favor precluded it from subsequently dismissing the case. In support of this argument, Nexgen cites to *Geauga Savs. Bank v. Berg*, 2017-Ohio-1368, 89 N.E.3d 69 (8th Dist.).

{¶ 20} Nexgen's reliance on *Berg* is misplaced. In *Berg*, this court held that the granting of a decree of foreclosure results in a final order and ends that proceeding and that this is followed by a separate and distinct enforcement action of the earlier grant of foreclosure. *Berg* at ¶ 8. Nexgen makes no attempt to clarify why the unique contours of a foreclosure case apply in the instant case.

{¶ 21} Further, in the context of a motion to enforce a settlement agreement, the trial court clearly had the authority to enter a judgment for Nexgen and to dismiss the case. A trial court possesses the authority to enforce a settlement agreement voluntarily entered by the parties to a lawsuit. *Tabbaa v. Koglman*, 149 Ohio App.3d 373, 2002-Ohio-5328, 777 N.E.2d 338, ¶ 30 (8th Dist.), citing *Mack v. Polson*, 14 Ohio St.3d 34, 470 N.E.2d 902 (1984). It is true that a trial court will lose jurisdiction to proceed in a matter when the court has unconditionally dismissed an action. *Id.*, citing *State ex rel. Rice v. McGrath*, 62 Ohio St.3d 70, 577 N.E.2d 1100 (1991). This does not, however, somehow preclude a trial court from entering judgment for one party before dismissing the action.

{¶ 22} Therefore, Nexgen's first assignment of error is without merit and overruled.

{¶ 23} In Nexgen's second assignment of error, it argues that the trial court erred when it granted Issa's motion to enforce the memorandum of understanding. Nexgen argues that because both parties attempted to add additional terms to their formal settlement agreement, there is no question that they were unable to agree to a settlement and the court effectively ordered the parties into a settlement that it drafted on its own. This argument is not supported by our review of the record. We reiterate that both parties have presented identical terms from the memorandum of understanding. Further, these terms are what the court used when it reduced the memorandum of understanding to a judgment on December 20, 2022.

{¶ 24} "'A valid settlement agreement is a binding contract between the parties which requires a meeting of the minds as well as an offer and acceptance.'" *Krohn & Moss, Ltd.*, 8th Dist. Cuyahoga No. 95075, 2011-Ohio-731, at ¶ 10, quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). Once the court determines that there is a binding agreement, a party may not unilaterally repudiate it. *Id*. at ¶ 11, citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58. The settlement agreement may be enforced through filing a separate breach of contract action, or, as in the instant case, by filing a motion to enforce the settlement. *Id*.

{¶ 25} The record reflects that the parties had a valid settlement agreement; Nexgen has consistently referred to the memorandum of understanding as a valid

agreement, including in its own motion to reactivate the case because Issa had allegedly breached the terms of the agreement. Therefore, the trial court had the authority to enforce the memorandum of understanding. Nexgen's second assignment of error is without merit and overruled.

{¶ 26} In its third assignment of error, Nexgen argues that the trial court abused its discretion by failing to hold an evidentiary hearing where the terms of the settlement agreement were disputed and where there was a clear dispute as to the existence of the settlement agreement. With respect to Nexgen's claim that there was a clear dispute as to the existence of the settlement agreement, we reiterate our analysis from the second assignment of error. The record, including Nexgen's own pleadings, makes clear that a settlement agreement existed between the parties.

{¶ 27} Ohio courts have held that if a factual dispute arises concerning the existence or the terms of a settlement agreement, an evidentiary hearing is required to determine the nature of the purported settlement. *Royal Property Invest. Group, L.L.C. v. Bangs Hair Salon*, 8th Dist. Cuyahoga No. 101436, 2014-Ohio-5155, ¶ 17. "'To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear, and if there is uncertainty as to the terms then the court should hold a hearing to determine if an enforceable settlement exists.'" *Id.*, quoting *Chase Home Fin., L.L.C. v. Keys*, 8th Dist. Cuyahoga No. 99920, 2014-Ohio-2639, ¶ 12, citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984).

{¶ 28} Here, both parties have presented identical terms of the memorandum of understanding that Issa's motion sought to enforce. As such,

despite Nexgen's claims now to the contrary, there was no uncertainty as to the terms of the settlement to require an evidentiary hearing. Therefore, the trial court did not abuse its discretion by granting the motion to enforce without holding an evidentiary hearing. Nexgen's third assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR